ELIZABETH F. BUCK v. MORRIS PARK, INC.

KING, C. J., MURPHY, SHANNON, HOUSE and BARBER, Js.

Argued November 4—decided December 30, 1965

*James T. Healey,* with whom, on the brief, was *Frank T. Healey, Jr.,* for the appellant (defendant).

*Robert H. Alcorn,* with whom were *Francis R. Cassidy, Jr.,* and, on the brief, *Arthur T. Connor,* for the appellee (plaintiff).

MURPHY, J.  The plaintiff obtained a judgment of strict foreclosure of a $35,000 mortgage on the defendant's property, which the defendant failed to redeem before the expiration of its period of redemption on July 15, 1964.  Upon motion of the plaintiff, three disinterested appraisers were appointed by the court, and they, under oath, within ten days after the time limited for redemption, appraised the mortgaged property and made written report thereof to the court as required by General Statutes § 49-14.  The defendant filed a remonstrance to the acceptance of the report which the court, after hearing, overruled.  The report was accepted, and a supplemental judgment was rendered for the deficiency between the total amount due on the mortgage debt with costs and fees and the appraised value of the property.  The defendant has appealed from that judgment.

The defendant claims that General Statutes § 49-14 is unconstitutional in that it makes no provision for notice of the meeting of the appraisers to be given to the mortgagor so that the latter may introduce evidence and be heard on the question of value, thus depriving the mortgagor of its property without due process of law in violation of the federal and state constitutions.  In support of this contention, the defendant avers that the appraisers should conduct a hearing and hear evidence in a manner similar to the procedure followed by referees and committees in assessing damages for the taking of land by the highway commissioner for highway purposes and for the condemnation of land for other public uses.  General Statutes §§ 13a-76, 48-12.  In this it is mistaken.  The purpose and manner of appraising and determining the value of property as a quasi-judicial act on a motion for a

deficiency judgment is entirely distinct and different from the judicial act of a committee in assessing the amount of damages in eminent domain. So far as the dicta in *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 239, 167 A. 715, can be construed to the contrary, it is overruled. An appraiser sets a value on property at his estimate of what it is worth. *Beach* v. *Trumbull,* 133 Conn. 282, 290, 50 A.2d 765; *Cocheco Mfg. Co.* v. *Strafford,* 51 N.H. 455, 482; *McAdams* v. *Bolsinger,* 57 Ohio Op. 338, 340, 129 N.E.2d 878. The appraisers determine the value of property upon their own experience and judgment. Consequently, they are not required to hear evidence or to give notice of the meeting at which they make the appraisal. *Vincent* v. *German Ins. Co.,* 120 Iowa 272, 278, 94 N.W. 458.

General Statutes § 49-14 provides that the appraisal made thereunder shall be final and conclusive as to the value of the mortgaged property. Upon a remonstrance being filed, the power of the court to review the question of value is limited to questions of law. *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 456, 190 A. 616. The constitutional due process requirements are satisfied where the complainant has had reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. *Dohany* v. *Rogers,* 281 U.S. 362, 369, 50 S. Ct. 299, 74 L. Ed. 904; *Missouri ex rel. Hurwitz* v. *North,* 271 U.S. 40, 42, 46 S. Ct. 384, 70 L. Ed. 818; *Proctor* v. *Sachner,* 143 Conn. 9, 17, 118 A.2d 621. It must be borne in mind that this was an action for the foreclosure of a mortgage on the defendant's property. The mortgage was the security for the money loaned to

the defendant. It appeared and participated in the foreclosure. It obtained an extension of the law day by stipulation with the plaintiff and had the opportunity to redeem but did not do so. It had notice of the appointment of the three appraisers and in fact nominated one of those selected. It also had notice of the motion for deficiency judgment and was fully heard on its remonstrance to the acceptance of the appraisers' report. Nothing more was required to protect the rights of the defendant. The due process clause in the federal constitution does not guarantee any particular form or method of state procedure to the citizens of the state. *Proctor* v. *Sachner,* supra.

The record indicates that the defendant's attitude is motivated by the action of the appraiser it nominated in signing a unanimous appraisal report on the value of the property at a figure considerably lower than his personal belief. There was nothing to prevent him from filing a minority report if he did not agree with his coappraisers on the valuation. See *Congress Bank & Trust Co.* v. *Brockett,* 111 Conn. 490, 491, 150 A. 742.

There is no error.

In this opinion the other judges concurred.