CONNECTICUT SAVINGS BANK OF NEW HAVEN *v.*
HANOMAN REALTY CORPORATION ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 2—decision released June 3, 1975

*Alexander Winnick,* with whom, on the brief, was *Edward B. Winnick,* for the appellant (defendant Hermann S. Cutler).

*Richard J. Beatty,* with whom was *Dennis P. Anderson,* for the appellee (plaintiff).

MacDonald, J.   The plaintiff bank obtained a judgment of strict foreclosure of an open end mortgage which secured the joint and several obligation to it of Hermann S. Cutler, the appellant herein, and of Hanoman Realty Corporation and Milton Hanoman.   Upon the motion of the plaintiff, three disinterested appraisers were appointed by the court, and they, under oath, within ten days after the time limited for redemption, appraised the mortgaged property and made a written report thereof to the court as required by General Statutes § 49-14.   The court overruled an objection entitled a "remonstrance" * to the acceptance of the report and, thereafter, rendered a supplemental judgment for the plaintiff for the deficiency resulting from the difference between the total amount due on the mortgage debt with interest, costs and fees and the appraised value of the property.   The defendant Cutler has appealed, assigning error in the court's overruling of his objection.

---

* Since adoption of the 1963 Practice Book, the term "remonstrance" is no longer used in our practice.

The initial challenge to the appraisers' report is one of form, the defendant contending that the appraisal was not in conformity with the requirements of § 49-14, that the report merely stated that the appraisers "appraised said property" and then listed a value opposite each appraiser's name without relating the basis for the appraisers' conclusion as to this value or stating whether it constitutes the fair market value for the property and, further, that the language employed in Practice Book Form No. 361 (fourth form)[1] was not contained in the report. For purposes of comparison, we have reprinted in footnote 2 the report issued jointly by the three appraisers omitting the description of the property.

---

[1] The Practice Book suggests the following form for appraisal reports:

"                                361

.                .                .                .                .

APPRAISAL

*Caption of Case*

We, the undersigned, appointed to appraise under oath the property described in the judgment of foreclosure in the above entitled case, having been sworn by Joseph Smith, of New Haven, a commissioner of the superior court, to make a true appraisal thereof, so appraised it on July 12, 1962, and find its value to be $8000.

James Fox
Henry Doe
Jules Camp"

[2] "REPORT OF APPRAISERS

To THE CLERK OF SAID COURT:

STATE OF CONNECTICUT⎱
                        ⎰ ss.  New Haven
COUNTY OF NEW HAVEN⎰    March 23, 1973

Then and there on the 23rd day of March, 1973, I administered

The defendant's contention that the report is formally irregular is based on the absence in the report of the words "and find its value to be" as stated in Form 361. The forms set forth in the Practice Book, as stated in a preamble to the section on forms, are merely illustrative; Practice Book, p. 249; and do not carry the force of law. These forms were com-

---

to Fred T. Monsees, Henry Harrison and Nathan H. White the following oath:

'You solemnly swear that you will faithfully discharge according to law your duties as appraiser in the above entitled action to the best of your ability, so help you God.'

Richard J. Beatty
—————————————
Notary Public

The undersigned, Fred T. Monsees, Henry Harrison and Nathan H. White, appraisers appointed in the above entitled action by order of said Court, respectfully represent that, pursuant to said order, the above oath was administered to each of them individually on the date above set forth, and said three appraisers represent that thereafter they appraised the property hereinafter described, to wit:

All that piece of land, with all the improvements thereon, situated in the City and County of New Haven and State of Connecticut, known as Nos. 23-25 Thompson Street, bounded and described as follows: . . . [description omitted].

That the undersigned appraisers appraised said property, free of all encumbrances as follows:

| Fred T. Monsees | $4,000.00 |
| Henry Harrison | 4,000.00 |
| Nathan H. White | 4,000.00 |

Fred T. Monsees
Henry Harrison
Nathan H. White
Appraisers as aforesaid

Subscribed and sworn to before me, this 23rd day of March, 1973.

Richard J. Beatty
—————————————
Notary Public.

Filed: March 30, 1973"

piled for the convenience of the bench and bar and their language is not mandatory. The report of the appraisers was in conformity with the requirement of § 49-14 and the absence of the phrase "and find its value to be" quoted by the defendant from Form 361 did not render the report invalid. The defendant's argument ignores substance and constitutes a pedantic adherence to form not required in this instance.

The absence of any stated basis for the appraisal does not render the written report invalid. The determination of value by the appraisers is final and conclusive. General Statutes § 49-14; *Buck* v. *Morris Park, Inc.,* 153 Conn. 290, 293, 216 A.2d 187, appeal dismissed, 385 U.S. 2, 87 S. Ct. 33, 17 L. Ed. 2d 2. The court's power to review the determination of value upon an objection is confined to questions of law. Ibid.; *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 456, 190 A. 616. The appraisers determine the value of property upon their own experience and judgment. *Buck* v. *Morris Park, Inc.,* supra. The defendant suggests in his brief that the appraisers should be required to employ uniformly one of three appraisal methods: (1) market data approach, (2) comparable sales approach, or (3) reconstruction approach. It is not uniformity of method that is intended by the employment of three indifferent appraisers but the obtaining of three independent judgments as to value. Although the court may properly consider the methods employed by the appraisers, errors of judgment as to the value of the property must stand uncorrected. *Equitable Life Assurance Society* v. *Slade,* supra, 457.

The defendant next complains that one of the three appraisers made a substantial mistake of fact

by employing what the defendant refers to as the "reconstruction approach." The simple answer to this contention is contained in *Equitable Life Assurance Society* v. *Slade* (p. 458): "[T]he appraisal is not made by one individual but is the joint act of all three, bringing to bear upon the problem the individual knowledge and the individual judgment of each, affording the opportunity for the correction of an individual member's error by action of the others. It is for this reason that a mistake by a single appraiser is insufficient to invalidate the appraisal reached by all three acting jointly. In no case can an appraisal so determined be set aside in the absence of a showing of some serious mistake of fact or the adoption of an erroneous principle of law which substantially affected it as made by the three considered as a joint board. While inquiry of the individual appraiser as to the principles and methods which he used is permissible where an appraisal is challenged on these grounds, the ultimate inquiry must be, not whether the individual appraiser made a mistake, but whether there was a mistake of fact or law which substantially affected the appraisal which was finally made."

The appraisers concluded that the cost of rehabilitating a dilapidated building upon the mortgaged property was prohibitive. All three appraisers agreed that rehabilitation was infeasible but ascribed different costs to rehabilitating or reconstructing the building. By the defendant's calculations, this reconstruction or rehabilitation approach would have resulted in a valuation by one appraiser of $13,600 rather than $4000. The higher value is based upon a reconstruction of the building and the rental of its six apartments at $140 per month. "It is the actual value of the property as

of the date when title vested in the plaintiff under the foreclosure decree which it was incumbent upon the appraisers to determine under the statute." *Equitable Life Assurance Society* v. *Slade,* supra, 459. The reconstruction approach urged by the defendant would not have reflected the actual value on the date of foreclosure and the selection and use of an alternate method of valuation was proper and correct.

There is no error.

In this opinion the other judges concurred.