ROUNDHOUSE CONSTRUCTION CORPORATION *v.* TELESCO MASONS SUPPLIES COMPANY, INC., ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and MACDONALD, Js.

Argued December 10, 1975—decision released January 27, 1976

*David S. Grossman,* with whom, on the brief, was *Sidney Burger,* for the appellant (plaintiff).

*Herbert V. Camp, Jr.,* for the appellees (defendants Fischer).

*William W. Sprague* filed a brief as amicus curiae.

HOUSE, C. J. Our first opinion in this case is reported in 168 Conn. 371, 362 A.2d 778. We found no error in the judgment of the Superior Court in Fairfield County which, in an action for the foreclosure of a mechanic's lien, rendered judgment for the defendants on a counterclaim and cross complaint which sought an invalidation of the plaintiff's lien and an injunction to restrain the imposition of the lien. In sustaining the judgment of the trial court, we commented (p. 373): "The court, filing a well-reasoned memorandum of decision, found the Connecticut mechanic's lien statutes[1] unconstitutional as violative of the due process clauses of the fourteenth amendment to the constitution of the United States and article first, § 10, of the constitution of Connecticut and rendered judgment enjoining the plaintiff and the other four lienor defendants from maintaining their mechanics' liens on the Fischer property and declaring the liens to be invalid."

---

[1] The mechanic's lien statutes involved in this litigation were those included in General Statutes §§ 49-33 through 49-40a. They have been materially changed by the provisions of Public Act No. 75-418 entitled, "An Act Concerning Mechanic's Liens" which became effective June 25, 1975.

Upon the issuance of our decision, the plaintiff petitioned the United States Supreme Court for a writ of certiorari and on that petition that court entered the following order: "Certiorari granted, judgment vacated, and case remanded to consider whether judgment is based upon federal or state constitutional grounds, or both. See *California* v. *Krivda*, 409 U.S. 33 [93 S. Ct. 32, 34 L. Ed. 2d 45] (1972)." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29.

Our decision was based upon both due process clauses—that contained in the fourteenth amendment to the federal constitution and that contained in article first, § 10, of the constitution of Connecticut. As we stated in the opinion (p. 373): "The decisive issue on the appeal is whether the Connecticut statutory procedure governing mechanics' liens is unconstitutional because it does not comply with the due process of law requirements of the fourteenth amendment to the federal constitution and article first, § 10, of the Connecticut constitution. 'We have held that these provisions of the federal and state constitutions have the same meaning and impose similar constitutional limitations.' *Cyphers* v. *Allyn*, 142 Conn. 699, 703, 118 A.2d 318; *Katz* v. *Brandon*, 156 Conn. 521, 537, 245 A.2d 579." To the latter citations may be added the following, holding to the same effect: *State* v. *Doe*, 149 Conn. 216, 226, 178 A.2d 271; *Proctor* v. *Sachner*, 143 Conn. 9, 17, 118 A.2d 621; *State ex rel. Brush* v. *Sixth Taxing District*, 104 Conn. 192, 195, 132 A. 561.

As we further noted in the opinion: "The appeal raises for the first time in this court a question as to the constitutionality of Connecticut's mechanic's lien procedure. The United States Supreme Court,

however, has recently had occasion to consider the constitutionality of the attachment, garnishment, sequestration and mechanic's lien procedures in several states, and the decisions of that court guide and must control our decision."

Since our court had had no prior occasion to consider the constitutionality of the Connecticut mechanic's lien statutes in the light of the due process of law provisions of both the federal and state constitutions and since, as we have already several times indicated, those provisions of both constitutions have the same meaning and since the United States Supreme Court had had occasion to consider the application of those requirements in similar circumstances, we analyzed the holdings and reasoning of the decisions of that court which would be at least very persuasive if not controlling authority.

There is no need to repeat what we said in our opinion or again to cite the authorities upon which we relied. The plaintiff in its petition for certiorari accurately summarized our decision and correctly represented to the United States Supreme Court that "[t]he Superior Court of the State of Connecticut granted Fischer's Application for Injunction and held that the lien of the applicant Roundhouse was void because the statute under which the lien was filed was unconstitutional. The Supreme Court of the State of Connecticut, in a lengthy opinion, affirmed, specifically concurring with the lower court finding that a taking did occur and holding that the Mechanic's Lien provisions of the Connecticut General Statutes were unconstitutional in that they violated the Due Process Clause of *both* the State of Connecticut and the 14th Amendment to the United States Constitution." (Emphasis supplied.)

In specific conformity with the direction of the remand from the United States Supreme Court, we have considered whether our judgment was "based upon federal or state constitutional grounds, or both." We adhere to our prior decisions that the due process of law clauses in both constitutions have the same meaning and, based upon that meaning of the due process of law clauses contained in both the federal and state constitutions, we reaffirm our prior judgment and find no error in the judgment of the Superior Court.

In this opinion the other judges concurred.