SOCIETY FOR SAVINGS *v.* CHESTNUT ESTATES, INC., ET AL.

LOISELLE, BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued October 19, 1978—decision released February 6, 1979

564

*Richard P. Weinstein,* for the appellant (defendant Vincent Osowiecki).

*I. Milton Widem,* for the appellee (plaintiff).

SPEZIALE, J. The principal issue on this appeal is whether § 49-14[1] of the General Statutes, Connecticut's deficiency judgment statute, is unconstitutional because it fails to safeguard a person's constitutional right not to be deprived of his property without due process of law. We now decide that § 49-14 of the General Statutes is unconstitutional because it does not comply with the procedural due

[1] "[General Statutes] Sec. 49-14. APPRAISAL OF MORTGAGED PROPERTY AFTER FORECLOSURE. DEFICIENCY JUDGMENT. Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, within ten days after the time limited for redemption has expired, appraise the mortgaged property and shall make written report of their appraisal to the clerk of the court where such foreclosure was had. Such report shall be a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of such mortgaged property. The mortgage creditor, in any further action upon the mortgage debt, note or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim; and the court in which such action is pending may, if such appraisal and report thereof have been made, render judgment for the plaintiff for the difference between such appraisal and the plaintiff's claim, provided application for such deficiency judgment has been made by the plaintiff within ninety days after the time limited for redemption has expired. In reckoning such period of ninety days, the months of July and August shall be excluded from the computation."

process of law requirements of the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution.

This appeal presents an attack by the defendant Vincent Osowiecki on the constitutionality of General Statutes § 49-14. Osowiecki, who cosigned a mortgage note with the defendant Chestnut Estates, Inc., has appealed the deficiency judgment rendered for the plaintiff-mortgagee, Society for Savings, claiming that the procedure set out in § 49-14 fails to satisfy the requirements of due process under the state and federal constitutions. Conn. Const., art. 1, § 10; U.S. Const., amend. XIV, § 1.

On September 22, 1976, the plaintiff brought this action against the defendants Chestnut Estates, Inc., Vincent Osowiecki, and Westwood Park, Inc., claiming, inter alia, strict foreclosure of a mortgage on forty-one parcels of land, with buildings and improvements, located in Tolland. On November 5, 1976, the plaintiff filed its motion for judgment by strict foreclosure and for appointment of appraisers pursuant to § 49-14. The defendants filed no plea or answer and the court found for the plaintiff in the sum of $231,316.62, including $1500 in attorney's fees. The law day was set for December 14, 1976, by which time the defendants were to pay the sum owed, with interest from November 12, 1976, and costs of the suit taxed at $738.10, failing which their equity of redemption would be foreclosed.

Pursuant to § 49-14, the plaintiff had moved for appointment of three disinterested appraisers to return their written report of appraisal within ten days after the time limit for redemption had

expired. The defendant Osowiecki objected to that motion on the ground that the statute is unconstitutional because it does not provide him with any meaningful hearing during which he can give testimony or present evidence or testimony of third persons; it fails to provide a proper mechanism for the selection of appraisers; the appraisers lack any authority whatsoever to conduct a meaningful hearing to determine the value of the subject property; and it fails to provide him with an opportunity to examine or cross-examine the bases upon which the premises are to be valued and upon which the appraisers will base their conclusion and their appraisal price. The court appointed three appraisers, who filed their report in which they found the value of the property to be $152,000. The defendant Osowiecki filed an objection to the report, citing, inter alia, the statute's failure to provide for notice, hearing, and cross-examination. He also complained that the report of the appraisers lacked findings of fact upon which they based their conclusion as to the value of the property. The plaintiff thereafter moved for a deficiency judgment in the amount of $88,614.83, plus reasonable appraisal fees. The defendant Osowiecki objected to the motion for deficiency judgment for the same reasons cited in his objection to the report of the appraisers, the plaintiff demurred to the objection, and the court sustained the plaintiff's demurrer and denied Osowiecki's objection, finding no due process violation and, moreover, finding that the defendant had "waived his right to due process protection when he refused to speak" with respect to the appointment of the appraisers. The motion for deficiency judgment was then granted and judgment was rendered for $90,697.42, plus costs of

appraisal in the amount of $450. Subsequently the judgment was opened to allow $9500 in attorney's fees in a supplemental judgment. Osowiecki, hereinafter the defendant, appealed from the deficiency judgment.

The assignments of error that have been briefed and argued by the defendant are that the court erred: (1) in upholding the constitutionality of § 49-14; and (2) by deciding that the refusal of the defendant to participate in the nomination of the appraisers constituted "a waiver of his constitutional rights."

I

We first consider the waiver issue. The trial court (*Wright, J.*) concluded that not only was the procedural process provided adequate, but that the defendant's refusal to participate in the appointment of the appraisers constituted a waiver of his due process rights. The plaintiff itself argues on appeal, however, that waiver occurred as a result of the defendant's *participation* in the strict foreclosure proceedings. Concerning the right to raise the issue of constitutionality we have ruled that "a party cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality. *Holley* v. *Sunderland,* 110 Conn. 80, 85, 147 A. 300; *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462." *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328 (1955); *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 191, 239 A.2d 534 (1968).

In this case, the plaintiff maintains that the defendant's participation in the strict foreclosure proceedings precludes a challenge to the constitu-

tionality of § 49-14.[2]  This claim is without merit
for two reasons.  First, the statute under considera-
tion is solely a provision for appraisal and defi-
ciency judgment proceedings *following* foreclosure.
The initial determination of strict foreclosure has
already taken place, as it must before the statute
comes into play.  Although no longer a separate
proceeding in equity,[3] strict foreclosure is a
common-law, nonstatutory process upon which
§ 49-14 depends, but from which it is separate.
Therefore, the defendant's participation in the strict
foreclosure stage did not constitute a waiver of the
right to challenge the constitutionality of § 49-14.
Second, the defendant timely and continuously
voiced his constitutional objection.[4]  He has not
waived his right to challenge the statute; quite the
contrary, he has intentionally avoided taking upon
himself the benefits and burdens of acquiescence.

[2] While the plaintiff did not raise the issue of waiver in the trial
court and thus cannot pursue it on appeal; Practice Book, 1978,
§ 3063; *Silverman* v. *St. Joseph's Hospital,* 168 Conn. 160, 177, 363
A.2d 22 (1975); the trial court has based its decision in part on
that ground.  We may therefore give the issue full consideration;
see Maltbie, Conn. App. Proc. § 307; including the analysis offered
by the plaintiff.

[3] See *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451,
454–55, 190 A. 616 (1937), for an analysis of the statutory evolution
of § 49-14.  Originally, a judgment of strict foreclosure barred any
further action on the mortgage debt, but since 1833 the mortgagee
has had a right to a deficiency judgment, coupled with a provision
for fixing the value of the property at the date of foreclosure in
order to determine the deficiency.  In 1902, the revision of the law,
in §§ 4123 and 4124, permitted an action on the debt in the same
proceeding as the strict foreclosure, that is, separate actions in equity
and at law were deemed unnecessary, and the remedy under § 4124
(predecessor of § 49-14) could flow as a matter of course out of a
judgment of strict foreclosure.

[4] The defendant objected to the motion for appointment of
appraisers on constitutional grounds; the defendant objected to the
report itself on those grounds; the defendant objected to the motion
for deficiency judgment on those grounds; and the defendant
appealed the deficiency judgment on those grounds.

*J & M Realty Co.* v. *Norwalk,* supra; cf. *Multiplastics, Inc.* v. *Arch Industries, Inc.,* 166 Conn. 280, 286, 348 A.2d 618 (1974). The constitutional issue is therefore squarely before this court on appeal.

## II

The defendant claims that § 49-14 violates the due process clause of the constitution of the United States (amend. XIV, § 1) and of the constitution of Connecticut (art. 1, § 10).[5] "We are not unmindful of the presumption of constitutionality which attaches to a statutory enactment and the burden which rests upon a party asserting its invalidity to establish not only that it is unconstitutional beyond a reasonable doubt but that its effect or impact on him adversely affects a constitutionally protected right which he has. *Lublin* v. *Brown,* 168 Conn. 212, 219, 362 A.2d 769; *Adams* v. *Rubinow,* 157 Conn. 150, 152, 251 A.2d 49." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 385, 362 A.2d 778 (1975), vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393 (1976), cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); *New Milford* v. *SCA Services of Connecticut, Inc.,* 174 Conn. 146, 148, 384 A.2d 337 (1977); *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53 (1972); *Amsel* v. *Brooks,* 141 Conn. 288, 294, 106 A.2d 152 (1954). "Furthermore, courts must, if possible, construe a law so that it is effective. *DeMond* v. *Liquor Control Commission,* 129

---

[5] This court has held that the due process clauses of both constitutions have the same meaning. *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 170 Conn. 155, 157, 365 A.2d 393 (1976), cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); *Katz* v. *Brandon,* 156 Conn. 521, 537, 245 A.2d 579 (1968); *Cyphers* v. *Allyn,* 142 Conn. 699, 703, 118 A.2d 318 (1955).

Conn. 642, 645, 30 A.2d 547; *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 242, 247, 111 A. 363; *Balch* v. *Chaffee,* 73 Conn. 318, 320, 47 A. 327. It is to be presumed that legislatures do not deliberately enact ineffective and unconstitutional laws. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 237, 167 A. 715; *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667, 679, 179 A. 195; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 208, 91 A.2d 773." *Amsel* v. *Brooks,* supra, 295. Moreover, this particular statute was upheld against a similar constitutional attack only fourteen years ago; *Buck* v. *Morris Park, Inc.,* 153 Conn. 290, 216 A.2d 187 (1965), appeal dismissed, 385 U.S. 2, 87 S. Ct. 33, 17 L. Ed. 2d 2 (1966);[6] and, a court should overrule its own precedents for only the most compelling reasons. *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955). Nevertheless, in reviewing both the statute and a decision of this court upholding it, we cannot allow such important considerations to impair the rights of persons under our federal and state constitutions. "It is fundamental that property cannot be taken without procedural due process as guaranteed by the fourteenth amendment to the constitution of the United States and article first, § 10, of the constitution of Connecticut." *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 376, 362 A.2d 778 (1975).

We must now review and reexamine *Buck* in the light of recent expansions of procedural due process which touch upon both the right that is affected

[6] In *Buck,* we stated (p. 293): "The appraisers determine the value of property upon their own experience and judgment. Consequently, they are not required to hear evidence or to give notice of the meeting at which they make the appraisal. *Vincent* v. *German Ins. Co.,* 120 Iowa 272, 278, 94 N.W. 458."

and the process that is due. *Mathews* v. *Eldridge,*
424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976);
*Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32
L. Ed. 2d 556 (1972); *Goldberg* v. *Kelly,* 397 U.S.
254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970);
*Sniadach* v. *Family Finance Corporation,* 395 U.S.
337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969); *Round-house Construction Corporation* v. *Telesco Masons
Supplies Co.,* supra.

There is no question that the property right
involved here is constitutionally cognizable.
Although the passing of the law day has already
vested title in the mortgagee, the question of value
remains as a determination of how much the guar-
antor will owe on the note. The questions of
whether there will be a deficiency owed, and of how
much, constitute valid property interests.

The procedure commonly followed under § 49-14
allows participation by the parties at the following
stages: (1) prior to the appointment of the
appraisers, a party to the proceedings may, with
the court's permission,[7] suggest names, and may
object on the basis of bias or lack of expertise to
any appointed appraiser; and (2) after the
appraisers' report is returned, and prior to its
approval by the court, the parties may object to the
report and have the benefit of a hearing on the
objection. In *Buck* v. *Morris Park, Inc.,* we held
(p. 294) that nothing more was required to protect
the rights of the defendant where: he appeared
and participated in the foreclosure; he obtained an
extension of the law day by stipulation with the
plaintiff and had the opportunity to redeem but did

---

[7] This is only permitted at the court's discretion because it is not
explicitly set forth in the statute.

not do so; he had notice of the appointment of the three appraisers and in fact nominated one of those selected; and he had notice of the motion for deficiency judgment and was fully heard on his objection to the acceptance of the report of the appraisers. The effect of the decision is to allow the appraisers to determine the value of property on the basis of their own experience and judgment; they are not required to hear evidence or to give notice of the meeting at which they make their appraisal. Id., 293. The plaintiff claims that this procedure is constitutionally adequate.[8] We disagree.

In order to pass the test of constitutionality, § 49-14 must require an effective opportunity to be heard and proper notice thereof. Lack of the requirement of such a hearing and of such notice to the parties whose rights are to be affected denies them an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); *Mathews* v. *Eldridge,* supra, 333; *Boddie* v. *Connecticut,* 401 U.S. 371, 378, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971). There is, of course, no hard and fast formula that can be applied to all situations; *Mitchell* v. *W.T. Grant Co.,* 416 U.S. 600, 610, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974); *Cafeteria Workers* v. *McElroy,* 367 U.S. 886, 895, 81 S. Ct. 1743, 6 L. Ed. 2d 1230 (1961); but "[t]hat the hearing required by due process . . . is not fixed in form does not affect its root requirement that an

[8] The plaintiff also grounds its defense of the statute on the opportunities to be heard afforded the defendant during the strict foreclosure proceedings. The statute itself, as noted already, applies only to the appraisal and deficiency judgment proceedings; therefore, any due process claimed for the preceding strict foreclosure is irrelevant to the issue on appeal.

individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Boddie* v. *Connecticut,* supra, 378–79; *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 377, 362 A.2d 778 (1975).

A balance must be struck in each instance between the rights of the individual and the interest of the government in the existing procedure. *Smith* v. *Organization of Foster Families,* 431 U.S. 816, 848–49, 97 S. Ct. 2094, 53 L. Ed. 2d 14 (1976). Here, the governmental or general public interest, if there be one, is not one that could be characterized as "extraordinary." *Fuentes* v. *Shevin,* 407 U.S. 67, 90–91, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972). In fact, the most that can be said for § 49-14 is that it may lighten the judicial burden and promote efficiency, an objective that is vulnerable to constitutional scrutiny. *Stanley* v. *Illinois,* 405 U.S. 645, 656, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); see *Goldberg* v. *Kelly,* 397 U.S. 254, 265–66, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970). Therefore, given the valid property right at stake, the statute must, within its present scheme, provide adequate procedural safeguards to refute the defendant's challenge.

The notice and opportunities to be heard, to examine, and to cross-examine that are provided a defendant under § 49-14 are not meaningful, either as to manner or as to time. The statute is constitutionally defective both because it does not require that the defendant be afforded an opportunity to

participate in the determination of the value of the property by presenting evidence and because it does not provide the opportunity for cross-examination. The gravamen, then, of the due process attack on § 49-14 is the fact that a debtor is not provided a meaningful opportunity to challenge the determination of value upon which the deficiency judgment against him is predicated. The fact that, under the present application of § 49-14 as sanctioned by *Buck*, he is accorded the limited right to challenge any procedural irregularities which may arise in reaching the appraised value is not sufficient to satisfy due process. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg* v. *Kelly,* supra, 269. "It has long been recognized that 'fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. . . . [And n]o better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it.' *Joint Anti-Fascist Refugee Committee* v. *McGrath,* 341 U. S. 123, 170–172 [71 S. Ct. 624, 95 L. Ed. 817] (Frankfurter, J., concurring)." *Fuentes* v. *Shevin,* supra, 81. By tradition, a litigant has the right to contest the facts upon which the judgment depends; next to this right, the significance of any argument for judicial expediency or efficiency pales. *Goldberg* v. *Kelly,* supra, 265–66. Although each party may sometimes suggest appraisers if the trial court permits, the appointed appraisers are not their advocates, because their duty is to the court as quasi-judicial officers. And even if disinterested, as a judge or a jury should be, their judgments may

be informed by outside evidence that presently goes untested by adversary methods. See *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 384 A.2d 321 (1977).

At no time before the report is returned are the appraisers' factual findings probed by the parties for accuracy. An objection to the appointment of an appraiser can challenge only his or her qualifications or neutrality; it does not provide an opportunity to present or to test evidence. Nor is this chance to object to the report sufficient, because presently the objection to the report is sustained only for legal irregularities and the report of the appraisers is final on questions of fact. *Connecticut Savings Bank* v. *Hanoman Realty Corporation,* 168 Conn. 554, 558, 362 A.2d 827 (1975); *Buck* v. *Morris Park, Inc.,* 153 Conn. 290, 293, 216 A.2d 187 (1965). In neither instance, then, does the opportunity to be heard allow a truly adversary testing of the factual bases upon which the report's legal conclusion will rest. Moreover, in both instances the defendant must sustain the burden always to be borne by a movant, rather than being on the equal footing of a party at a hearing. *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969) (action on debt following garnishment of wages held inadequate, putting unjust burden on debtor); *Armstrong* v. *Manzo,* 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965) (hearing on motion to annul adoption decree granted ex parte without notice held inadequate because it shifted burden of proof to natural father).

The defendant was asked by the court to nominate appraisers and he was able to object to the final report of the appraisers, but he was not allowed to

participate in the findings of fact as to value. Because he was not allowed to do so, we conclude that his constitutional right not to be deprived of property without due process of law was violated.

Our conclusion leads us to overrule *Buck* v. *Morris Park, Inc.,* supra,[9] and to declare § 49-14 unconstitutional. " 'If the invalidity of the enactment is evident beyond a reasonable doubt, our duty, delicate as the task may be, is to nullify the statute.' *Cahill* v. *Leopold,* 141 Conn. 1, 10, 103 A.2d 818, overruled (on other grounds), *Butterworth* v. *Dempsey,* 229 F. Sup. 754, 760 (D. Conn.)." *State* v. *DellaCamera,* 166 Conn. 557, 562, 353 A.2d 750 (1974).[10] The legislature of 1833 could not have anticipated the procedural due process law of this country in 1979; and, as evidenced by *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 362 A.2d 778 (1975), state precedent has recognized the constitutional defects in some of our own laws since *Buck* was decided fourteen years ago. Part of the idea that due process is not a fixed rule is that its content changes according to " 'history, reason, the past course of decisions . . . .' *Joint Anti-Fascist [Refugee Com-*

---

[9] The dismissal of the appeal by the United States Supreme Court in *Buck* v. *Morris Park, Inc.,* 385 U.S. 2, 87 S. Ct. 33, 17 L. Ed. 2d 2 (1966), would bind this court only as to federal due process rights; however, several intervening decisions of that court since its ruling in *Buck* would alter the approach under the federal constitution also. See *State* v. *Brown,* 160 Conn. 346, 352, 279 A.2d 554 (1971) (recent federal law of retroactivity in criminal cases rendered old case not controlling). Therefore we are not constrained by the dismissal in *Buck*.

[10] It should be noted that it is not possible to infer a hearing from a silent statute such as § 49-14. There is "no power under the statute to summon witnesses or hear evidence." *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 458, 190 A. 616 (1937). At the outset we cannot read a due process hearing into the law; we must take the statute as it is.

*mittee*] v. *McGrath,* 341 U.S. 123, 162–163 [71 S. Ct. 624, 95 L. Ed. 817] (concurring opinion)." *Cafeteria Workers* v. *McElroy,* 367 U.S. 886, 895, 81 S. Ct. 1743, 6 L. Ed. 2d 1230 (1961). Therefore, we find § 49-14 to be a violation of the due process rights of affected parties under both the Connecticut and the United States constitutions.

We fully appreciate the presumption of constitutionality that attaches to a statutory enactment and the burden resting upon a party asserting its invalidity to establish its unconstitutionality beyond a reasonable doubt as well as to establish an adverse personal impact on a constitutionally protected right. Nonetheless, we are compelled to conclude that without a statutory provision mandating a hearing before the court or some other independent tribunal where the defendant may present evidence of value and cross-examine the witnesses the defendant is deprived of his essential constitutional right to be heard at a meaningful time, in a meaningful manner; and, therefore, § 49-14 cannot pass constitutional scrutiny under the due process clauses of the federal constitution and the state constitution. Section 49-14 of the General Statutes is unconstitutional.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant Osowiecki.

In this opinion the other judges concurred.