[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The defendants have moved to dismiss this case for lack of jurisdiction. They claim that at all relevant times none of them have been or are now residents of Connecticut and additionally point to the fact that the plaintiff attorney's complaint is based upon his alleged representation of the CT Page 1346 defendants Rosenblums in a personal injury action that arose out of an incident that occurred in Indiana. Charles Archer is an attorney who represented the Rosenblums in Indiana.
The plaintiff's complaint alleges the Rosenblums first retained him on this matter, the file was then transferred by the Rosenblums to Attorney Asher, and Attorneys Asher and Beizer had an agreement with regard to payment for the work Attorney Beizer performed in this matter. In the complaint Attorney Beizer alleges the defendants violated agreements he had with them and sets forth several counts in breach of contract, unjust enrichment, promissory estoppel, tortious interference with contract.
In the defendants' memorandum of law, counsel sets forth factual allegations which the defendants claim (1) establish that the requirements of Section 52-59b which confers jurisdiction in our courts over non-residents were not met and (2) make clear that the exercise of so-called long arm jurisdiction would violate due process, Rosenblit v. Danaher,206 Conn. 125, 149 (1988), cf Center Capital Corporation v. Charles H. Hall III, et al, 9 Conn. L.Rptr. 265, 266 (1993). The need for a two-pronged analysis is discussed in these cases.
The case of Standard Tallow Corporation v. Jowdy,190 Conn. 48 (1983) is instructive on how trial courts should proceed when faced with such claims of lack of in personam jurisdiction.
 "In many cases jurisdiction is immediately evident, as where the sheriff's return shows abode service in Connecticut. When, however, the jurisdictional basis is not clear on the face of the record because service is had under the long arm statutes, additional facts establishing the `minimum contacts' required by due process may need to be shown. It has not been the practice in this state to require these minimum contacts to be made a part of the allegations in the complaint. Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss. . . . If the defendant challenges the court's jurisdiction it is then CT Page 1347 incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts." id at pp. 52-53
The court then goes on to decide that once the motion to dismiss is filed "the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Id at page 54.
Given the fact that as Standard Tallow notes it has not been the practice in our state to require the contacts that might establish jurisdiction to be set forth in the complaint, coupled with the fact that the burden of proof is placed on the plaintiff to establish facts supporting jurisdiction, minimal standards or due process require that "a trial like hearing be held, in which an opportunity is provided (to the plaintiff) to present evidence" allowing both sides to cross examine adverse witnesses, id at page 56 citing Society for Savings v. Chestnut Estates, Inc., 176 Conn. 563, 574 (1979). The court cannot decide this matter on the bare record before it and will not bar the plaintiff from an opportunity to have a hearing. In fact Standard Tallow even held that where a trial court concludes a fact presentation is necessary to decide the jurisdictional question it would be "an abuse of discretion to deny the plaintiff an opportunity for discovery" under PB 218, see 190 Conn. at pp. 56-60.
In cases cited by both parties, the courts have decided these jurisdictional questions either after actual evidentiary hearings Connecticut Artcraft Corporation v. Smith,574 F. Sup. 626, 628 (D.Conn., 1983), International Shoe Company v. Washington, 326 U.S. 310, 312 (1945), upon an examination of affidavits where both parties had agreed to this procedure, Rosenblit v. Danaher, 206 Conn. at page 136, or where so-called "jurisdictional discovery" has been authorized by the court and the court then examines affidavits, answers to interrogatories and documents exchanged by the parties, Greene v. Sha-Na-Na, 637 F. Sup. 591 (D.Conn. 1986). In Center Capital Corporation v. Hall, supra the court apparently relied on what was in effect an admission by one of the defendants in ruling on the jurisdictional question, 9 Conn. L. Rptr. at page 266 and 267.
The plaintiff has asked for the opportunity to have a evidentiary hearing in this matter. Nothing in the record CT Page 1348 would allow the court to foreclose that opportunity. No action will be taken on the motion to dismiss but it may be reclaimed for argument with a full evidentiary hearing, cf Rosenblit v. Danaher, 206 Conn. at page 130. As noted, the plaintiff will have the burden of proof at any such hearing, that is the burden of presenting the necessary evidentiary facts to establish jurisdiction — the plaintiff must make the appropriate evidentiary showing. If the defendants reclaim this matter, the court will then confer with counsel on arranging for a hearing date unless the parties can otherwise agree to having the matter decided on affidavits.
Corradino, J.