[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON THE DEFENDANT'S OBJECTION TO THE PLAINTIFF'S MOTION FOR A DEFICIENCY JUDGMENT
Leete, O'Neill Kosto for plaintiff.
Harry Hirsch for defendant.
The issue raised in this case by the defendant's objection to the plaintiff's motion for a deficiency judgment is whether § 49-14(a) of the General Statutes, which provides that such motion "shall be placed on the short calendar for an evidentiary hearing [and that the] hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order", requires either that the hearing be held on the date that the motion first appears on the short calendar or that it be held on a date certain thereafter as ordered by the court. The defendant's claim as stated in its reply brief (p. 3) is that "[i]f the court allows the hearings to be held substantially after it is mandated CT Page 6108 by the statute, then it may once again mean that the debtor has lost his right under the statute to be heard [at] a meaningful time and in a meaningful manner, thereby making the statute unconstitutional if under Society for Savings v. Chestnut Estates,Inc., 176 Conn. 563, in which the Supreme Court held that the prior statute did not comply with the procedural due process of law requirements of the state and federal constitutions.
The defendant correctly points out that the plain meaning of the statutory language is that the hearing cannot be held within fifteen days following the filing of the motion, and suggests that the purpose of the statutory prohibition is to afford the defendant "sufficient time to get his witnesses available to testify in court and in general to prepare his case." Defendant's Reply Brief at 2. Contrary to the defendant's assertion in its brief, however, the statute does not, either expressly or by implication, "mandate" when the hearing should be held, and accordingly, it may be assumed that the ordinarily applicable procedures for the hearing or the continuance of arguable matters on the short calendar pursuant to § 209 and § 211 of the Practice Book should be followed.
The defendant's procedural due process claim seems to be that an otherwise constitutionally "meaningful", hearing nevertheless becomes suspect where it is so unreasonably delayed that it is no longer being held at a "meaningful" time in the constitutional sense. The defendant's argument overlooks the fact that the "root requirement [of due process is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest" and that, therefore, such a hearing, regardless of how long it may be delayed, passes constitutional muster if the hearing is appropriate to the nature of the case, that is, so long as it is conducted in a constitutionally meaningful manner. Boddiev. Connecticut, 401 U.S. 371, 379 (1971).
The nature of a hearing on a motion for a deficiency judgment, involving as it does only the examination and cross-examination of the respective appraisers called by the parties based on their written appraisals of the property at a fixed point in time, namely, the date that title vested in the plaintiff, can hardly give rise to any plausible claim of prejudice by the defendant judgment debtor in the presentation of its evidence on the issue of valuation. It should also be noted that even in the context of a defendant's claim in a criminal case that his constitutional right to a speedy trial had been denied, crowded calendars and docket congestion have been recognized as factors which make "expeditious CT Page 6109 scheduling of cases for trial difficult" and justify substantial delays in reaching cases for trial. See State v. Flowers, 198 Conn. 542,547.
For the foregoing reasons, the defendant's objection to the plaintiff's motion for a deficiency judgment is overruled.
Hammer, Judge