[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SUBSTITUTED COMPLAINT
This is a lawsuit brought by African American members of the New Haven Fire Department challenging the promotional practice known as "underfilling."[1] The defendants, City of New Haven, New Haven Department of Fire Services, New Haven Board of Fire Commissioners and New Haven Civil Service Commission (hereinafter the "City") have moved to strike the plaintiffs' Substituted Complaint dated May 31, 2000. For the reasons set forth below, the motion to strike is granted.
PROCEDURAL HISTORY
This action was commenced by the plaintiffs by a Verified Complaint dated April 23, 1998. Thereafter, an Amended Complaint was filed on June 24, 1999, a Second Amended Complaint was filed on July 10, 1999, and a Third Amended Complaint was filed dated July 23, 1999.
The City moved to strike all four counts of the Third Amended Complaint. On May 16, 2000, the court (Levin, J.) granted the City's motion to strike, ruling that the plaintiffs: 1) failed to state a claim that they were denied due process or equal protection under42 U.S.C. § 1981 and 1983; 2) failed to state a claim that underfilling created a hostile work environment; 3) failed to state a claim under article first §§ 1, 9 and 10 of the Connecticut Constitution; 4) failed to state a claim for intentional infliction of emotional distress; and 5) failed to exhaust their Title VII claims through administrative remedies. The court further ruled that the plaintiffs who were not lieutenants had not alleged a direct injury in order to have standing to bring suit and ordered the plaintiffs to make an appropriate motion to join ten underfilled lieutenants as party defendants because their employment status was at issue.[2]
Following Judge Levin's decision and in accordance with Practice Book § 10-44, the plaintiffs filed a Substituted Complaint on May 31, CT Page 15030 2000. The present motion to strike is addressed to this Substituted Complaint. This complaint is in two counts. In count one, the plaintiffs allege that the City violated their rights to due process and equal protection of the law under 42 U.S.C. § 1981 and 1983. In count two, the plaintiffs allege that the City violated their constitutional rights under article first §§ 1 and 10 of the Connecticut Constitution.
The plaintiffs request a declaratory judgment declaring the practice of underfilling to be illegal, and voiding all promotions made through underfilling relating back to the commencement of this action. The plaintiffs further request a temporary or permanent injunction, forbidding the defendants from utilizing the practice of underfilling within the fire department, and barring the defendants from administering any further promotional examinations and from publishing or certifying the results. The plaintiffs also request punitive and compensatory damages, attorney's fees and any other relief deemed proper by the court.
The City's motion to strike the Substituted Complaint asserts that the plaintiffs: 1) failed to follow the court's earlier order to join party defendants, 2) fail to allege a direct injury to confer standing, 3) fail to allege a protected property interest necessary for a due process claim, 4) fail to allege a claim for violation of equal protection under the law, 5) fail to allege a private cause of action for violations of local laws and ordinances, and 6) fail to allege violations of the state constitution.
STANDARD PREVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted . . . [or] because of failure to join or give notice to any interested party . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book §10-39; see also Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the fact alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). "When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken the defendant may challenge the amended complaint by filing . . . a second motion to strike." (Internal quotation marks omitted.) Doe v. Marselle, 38 Conn. App. 360, 362-63, CT Page 15031660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996). "New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored." Westbrook v. Savin Rock CondominiumAssn., 50 Conn. App. 236, 240, 717 A.2d 789 (1998). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Id.
DISCUSSION
I. Nonjoinder of Parties/Standing
In addition to its substantive legal claims, the City moves to strike the Substituted Complaint on two procedural grounds. The City asserts that the plaintiffs have not complied with Judge Levin's order to join all necessary parties and, in addition, that the plaintiffs lack standing.
In its memorandum of decision, the court, Levin, J., ordered the plaintiffs to make an appropriate motion to join as defendants those lieutenants who obtained their rank because of underfilling, pursuant to Practice Book section 17-56(b), before it would render a decision on the declaratory judgment. The court gave this order because the plaintiffs' Third Amended Complaint alleged that the defendants' underfilling of ten lieutenants injured them, and requested that the court prohibit the ten underfilled lieutenants from taking the captain's exam. The court reasoned that, while not everyone in the fire department had an interest in the subject matter of this case, ten underfilled lieutenants would stand to lose their positions if the plaintiffs prevailed, and therefore, they were "entitled not only to notice but to party status."
The plaintiffs have not complied with this order. While they argue that they have given notice to all underfilled employees, they have not followed Judge Levin's express order to join the ten underfilled lieutenants as party defendants. Were this the only defect in the Substituted Complaint, it could properly be raised by a motion for nonsuit for failure to comply with a court order. Practice Book §17-19. Given the court's resolution of the other claims, it is unnecessary to resolve the question of the application of Practice Book § 17-56(b) which provides that a motion to strike is the exclusive remedy for nonjoinder of parties. This section applies to nonjoinder of indispensable parties. George v. St. Ann's Church, 182 Conn. 322, 325
(1980). Should the plaintiffs elect to plead over again, strick compliance with Judge Levin's order is required CT Page 15032
As to the question of standing, Judge Levin previously ruled that the lieutenant plaintiffs had alleged a colorable claim of injury necessary for standing in a declaratory action. This court sees no reason to deviate from that conclusion. Moreover, construing the facts alleged most favorably to the firefighter plaintiffs, their allegations are also sufficient to make out a colorable claim of injury. See PresidentialCapital Corp. v. Reale, 231 Conn. 500, 505 (1994) (standing requires no more than a colorable claim of injury). Their claim that underfilling negatively affects their chances of promotion within the department, while disproportionately benefitting white firefighters of varying ranks, is sufficient to give them standing to challenge the practice.
II. Due Process Property Interest
The plaintiffs allege that they have a constitutionally protected property interest in having an "employment environment generally free of discrimination" within the fire department. In addition, the plaintiffs argue that New Haven's rules and regulations "give rise to the plaintiffs' reasonable expectation of a work environment free of discrimination."[3] The plaintiffs also argue that the City's rules and regulations guarantee the plaintiffs a property interest in a discrimination free employment environment.[4] The City argues that the plaintiffs fail to allege a constitutionally protected property interest sufficient to raise a due process claim under 42 U.S.C. § 1983.[5]
The City argues that a constitutionally cognizable property interest does not exist in having less competition for a promotion. According to the City, the plaintiffs are "attempting to disguise a legally insufficient `hostile environment' claim as a `property interest.'"
Plaintiffs have failed to allege facts to show that they are entitled to any property interest beyond mere expectation. "[P]roperty interests are more than abstract needs, desires or unilateral expectations of benefits or privileges. Rather, a person must have a legitimate claim of entitlement to a benefit or privilege to have a property interest in that benefit. . . ." (Internal quotation marks omitted.) Hunt v. Prior,236 Conn. 421, 436-37, 673 A.2d 514 (1996).
First, the plaintiffs have not cited any case law to show that there is any constitutionally cognizable property interest in having an "employment environment generally free of discrimination."[6] Second, the plaintiffs have not alleged any facts to show that the City of New Haven's rules and procedures entitle the plaintiffs to any claimed property interest based upon these rules and regulations. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalCT Page 15033Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Finally, the plaintiffs' property interest claim is also legally insufficient because they base their property interest claim solely upon the City's hiring and promotion procedures, and not on any substantive entitlement. "A person has a legitimate claim of entitlement to a benefit if there are rules or mutually explicit understandings that support his claim of entitlement to the benefit." (Internal quotation marks omitted.)Packer v. Board of Education, 246 Conn. 89, 103, 717 A.2d 117 (1998). "A party seeking to demonstrate a property interest entitled to protection under the due process clause cannot simply rely upon the procedural guarantees of state law or local ordinance. . . . A statute or ordinance providing procedural guarantees does not create a constitutionally protected property interest unless it sets forth substantive criteria that limit the discretion of the decision-making body. . . . A common example of such substantive criteria is a requirement that employees be fired only `for cause.'. . . . Even if the statute includes substantive criteria, a party whose asserted property interest is not related to the substantive criteria but rather is grounded solely in the procedures set forth in the statute does not have a constitutionally cognizable property interest." (Citations omitted; internal quotation marks omitted.) DoubleI Ltd. Partnership v. Plan Zoning Commission, 218 Conn. 65, 78,588 A.2d 624 (1991).
Because the plaintiffs have failed to allege any facts to show that they have a constitutionally protected property interest under42 U.S.C. § 1983, but instead have asserted mere conclusions of law, the motion to strike the plaintiffs' due process claim is granted. SeeNovametrix Medical Systems, Inc. v. BOG Group, Inc., supra, 224 Conn. 215.
III. Equal Protection Claim
In their equal protection claim under 42 U.S.C. § 1981,[7] the plaintiffs allege that, through the illegal practice of underfilling, the City gave white firefighters more favorable and preferential treatment over that of the plaintiffs. The plaintiffs allege that as a result of this preferential treatment, white firefighters, similarly situated to that of the plaintiffs, have disproportionately benefitted with respect to promotions, resulting in a disparate impact.[8] The City argues that the plaintiffs fail to state an equal protection claim under § 1981 because they have not alleged any intentional discrimination, and that the plaintiffs' allegation of disparate impact alone is insufficient to sustain a § 1981 or 1983 claim.
"The concept of equal protection [under both the state and federal CT Page 15034 constitutions] has been traditionally viewed as requiring the uniform treatment of persons standing in the same relation to the governmental action questioned or challenged. . . . When, as here, a claimed equal protection violation arises from the alleged selective application of a facially neutral state regulation, it must be shown that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, 236 Conn. 421, 443, 673 A.2d 514
(1996).
"[E]ven if a neutral law has a disproportionately adverse impact upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." (Internal quotation marks omitted.) General Building Contractors Assn. v.Pennsylvania, 458 U.S. 375, 390, 102 S.Ct. 3141 (1982). "Even assuming, arguendo, that the plaintiff could prove that a disparate impact exists, an equal protection challenge cannot be supported on that basis alone. Intentional or purposeful discrimination must be shown to make a successful equal protection challenge." Wendt v. Wendt, 59 Conn. App. 656,685, 757 A.2d 1225 (2000).
Because the plaintiffs have not alleged that the defendants intentionally or purposefully discriminated against the plaintiffs through the process of underfilling, the plaintiffs have failed to state a claim of equal protection upon which relief may be granted, and the motion to strike the equal protection claim must be granted.
IV. Claims Under the State Constitution
Finally, the plaintiffs allege that the defendants' practice of underfilling violates their state constitutional rights under article first, §§ 1 and 10, of the Connecticut constitution.[9] The City argues that the plaintiffs fail to allege legally sufficient claims under the state constitution. The plaintiffs argue that the state constitution affords the citizens of this state greater protections than those provided by the federal constitution.
"The equality of rights provision contained in article first, § 1, of the Connecticut constitution has a meaning equivalent to the equal protection clause contained in the fourteenth amendment to the United States constitution. . . . Similarly, [t]he equal protection provisions of the federal and state constitutions have the same meaning and limitations." (Citations omitted; internal quotation marks omitted.) CT Page 15035Zapata v. Burns, 207 Conn. 496, 504, 542 A.2d 700 (1988). Because the state constitution is coextensive with the federal constitution with regard to equal protection of the law, the plaintiffs have also failed to state an equal protection claim under the state constitution, and the motion to strike this claim must be granted.
Similarly, the due process "provisions of the federal and state constitutions have the same meaning and impose similar constitutional limitations." (Internal quotation marks omitted.) Roundhouse ConstructionCorp. v. Telesco Masons Supplies Co., 170 Conn. 155, 157, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S.Ct. 246 (1976). Because the plaintiffs have failed to allege a legally sufficient due process claim under42 U.S.C. § 1983, their due process claim also fails under the state constitution and the motion to strike this claim must also be granted.
 CONCLUSION
The plaintiffs have failed to state a claim upon which relief may be granted with respect to their due process and equal protections claims under 42 U.S.C. § 1983 and 1981 as alleged in count one of the Substituted Complaint, and their state constitutional claims under article first §§ 1 and 10 of the state constitution as alleged in count two of the Substituted Complaint. Therefore, the motion to strike the Substituted Complaint is granted.
So Ordered at New Haven, Connecticut this ______ day of December, 2000.
Devlin, J.