NORTHEAST SAVINGS, F.A. *v.* SIRVART K. HINTLIAN
ET AL.
(SC 15536)

Berdon, Norcott, Katz, Palmer and McDonald, Js.

---

Argued January 16—officially released June 3, 1997

*Richard P. Weinstein*, with whom were *Nathan A. Schatz* and, on the brief, *Gail P. Ferris*, for the appellants (named defendant et al.).

*Leanne M. Kinsley*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The sole issue raised by this appeal is whether General Statutes § 49-25,[1] which establishes

---

[1] General Statutes § 49-25 provides: "Appraisal of property. When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised; but, in all cases in which such sale is ordered, the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be

procedures relative to the appraisal of property for which a judgment of foreclosure by sale has been rendered, violates the due process clauses of the federal and state constitutions.[2] The trial court rendered a judgment of foreclosure by sale of certain real property owned by the defendants Sirvart K. Hintlian and John Hintlian (defendants)[3] and, as required by § 49-25, appointed a person to conduct the sale and an appraiser to appraise the property. Before the sale was conducted, the defendants moved to open the judgment of foreclosure by sale, claiming that the appraisal procedure set forth in § 49-25 violated their due process rights. The trial court denied the defendants' motion, and the defendants appealed from the judgment of the trial court to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c) and now affirm the judgment of the trial court.

The relevant facts are undisputed. In February, 1980, the defendants executed a promissory note for $61,500

sold and make return of the appraisal to the clerk of the court. Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. If the plaintiff is the purchaser at sale, or if the property is redeemed at any time prior to the approval of the sale, or if for any reason the sale does not take place, the expense of the sale and appraisal or appraisals shall be paid by the plaintiff and be taxed with the costs of the case. If, after judgment has been rendered, the amount found to be due and for which foreclosure is decreed, together with the interest and the costs, is paid to the plaintiff before the sale, all further proceedings in the suit shall be stayed."

[2] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

Article first, § 10, of the Connecticut constitution provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

[3] Originally, the defendants also included Fleet Bank, N.A., the second mortgagee, and Poulos, Barry, Harvey and Later, P.C., the third mortgagee. Neither of these two entities, however, is a party to this appeal.

in favor of Hartford Federal Savings and Loan Association (Hartford Federal), the predecessor in interest to the plaintiff, Northeast Savings, F.A.[4] As security for the note, Sirvart Hintlian executed a mortgage in favor of Hartford Federal on real property located at 91 Goff Road in Wethersfield.

In April, 1993, the defendants defaulted on their payments to the plaintiff and, thereafter, the plaintiff commenced this foreclosure action. On December 11, 1995, the trial court rendered a judgment of foreclosure by sale and ordered a sale date of February 17, 1996.[5] The judgment, in accordance with the requirements of § 49-25, also contained a provision appointing a disinterested appraiser to appraise the property and to file his appraisal with the clerk of the court not later than ten days prior to the sale date.

On December 19, 1995, the defendants filed a motion to open the judgment of foreclosure by sale, claiming that the procedure set forth in § 49-25 violated their due process rights because that procedure "denied [them] a meaningful hearing at a meaningful time in regard to the valuation process." Specifically, the defendants claimed that § 49-25 is constitutionally infirm because it: (1) does not require that a copy of the appraisal be sent to the defendants; and (2) contains no provision for an evidentiary hearing at which the defendants may challenge the appraisal and otherwise present evidence regarding the value of the property. The trial court, by endorsement order, sustained the plaintiff's objection to the defendants' motion to open the judgment.

[4] On November 30, 1995, Northeast Savings, F.A. (Northeast Savings), moved that Shawmut Bank New York, N.A. (Shawmut), be substituted as plaintiff on the ground that, at the time, Shawmut was successor in interest to Northeast Savings. Neither Northeast Savings nor Shawmut, however, has pursued that motion, either in the trial court or in this court. Accordingly, Northeast Savings remains the plaintiff in this appeal.

[5] The court found the debt to be $81,604.75, and the fair market value of the property to be $115,000.

On May 10, 1996, the defendants filed a motion for articulation of the trial court's denial of their motion to open the judgment of foreclosure by sale. In its articulation, the court rejected the defendants' notice claim, stating that because the court-ordered appraisal was to be filed with the court, it would be "readily accessible to the parties." The court also rejected the defendants' contention that § 49-25 deprives them of an opportunity to be heard regarding the value of the property, stating that the defendants "will have the right to put on any appraisal or other evidence to persuade the court to deny the [plaintiff's] motion [to approve the sale]." Thus, the court concluded, the "defendant[s have] ample opportunities to contest the valuation of the subject property."

On appeal, the defendants assert that the trial court improperly denied their motion to open the judgment of foreclosure by sale, claiming, as they did in the trial court, that § 49-25 violates their due process rights under the state and federal constitutions.[6] We are not persuaded by the defendants' arguments.

We begin our review of the defendants' claim by noting that "[d]ue process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded. . . . The [due process clause] 'in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted

---

[6] The defendants invoke their due process rights under both the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution. See footnote 2 of this opinion. The defendants, however, do not claim that they are entitled to any greater protection under the due process clause of the state constitution than they are under the analogous provision of the federal constitution. For purposes of this appeal, therefore, we treat the state and federal due process clauses as embodying the same level of protection.

for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided.' *Iowa Central Ry. Co.* v. *Iowa*, 160 U.S. 389, 393, 16 S. Ct. 344, 40 L. Ed. 467 (1896). . . . Moreover, there is no violation of due process when a party in interest is given the opportunity of a meaningful time for a court hearing to litigate the question . . . ." (Citations omitted.) *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 176–77, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). Furthermore, our review of the defendants' due process claim is guided by the well established principle that a "presumption of constitutionality . . . attaches to a statutory enactment and the burden . . . rests upon a party asserting its invalidity to establish not only that it is unconstitutional beyond a reasonable doubt but that its effect or impact on him adversely affects a constitutionally protected right which he has. . . . [Finally], courts must, if possible, construe a law so that it is effective." (Citations omitted; internal quotation marks omitted.) *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 569, 409 A.2d 1020 (1979); see also *Fleming* v. *Garnett*, 231 Conn. 77, 88, 646 A.2d 1308 (1994) (in interpreting statute, we will search for effective and constitutional construction that reasonably accords with legislature's underlying intent).

The defendants first contend that § 49-25 fails to afford them adequate notice of the court-ordered appraisal because there is no requirement that they be sent a copy of that document. We agree with the trial court that the defendants' right to notice of the appraisal is satisfied by virtue of its filing with the clerk of the court as provided for in § 49-25. An appraisal filed with the court in accordance with § 49-25 is accessible as a public document to anyone who wishes to view it, including the defendants. Further, the trial court's judgment of foreclosure by sale contained the name of the

court-appointed appraiser and the date by which his return was to be filed with the court. Because the filing procedure mandated by § 49-25 affords the defendants adequate notice of the appraisal, that procedure does not run afoul of constitutional requirements.

The defendants further claim that § 49-25 does not afford them a meaningful opportunity to be heard regarding the valuation of the property because the statute fails to provide for an evidentiary hearing at which they may challenge the appraisal, either through examination of the appraiser or by the introduction of other evidence regarding the value of the property, or both. It is true that § 49-25 does not expressly empower a foreclosure court to conduct an evidentiary hearing on an application by a party seeking to contest the court-appointed appraiser's valuation of a mortgaged property. We disagree with the defendants' conclusion, however, that the trial court lacks the authority under § 49-25 to conduct such a hearing upon proper application by the mortgagor and prior to the court's action on the mortgagee's motion to approve the sale of the property.

In resolving the defendants' claim, we consider § 49-25 in light of the principles governing foreclosure proceedings generally and the appraisal process in particular. "[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993). Furthermore, because the appraisal process outlined in § 49-25 is "primarily intended to give the court a valuation by which to judge the fairness of the highest bid received"; *Bryson* v.

*Newtown Real Estate & Development Corp.*, 153 Conn. 267, 274, 216 A.2d 176 (1965); it provides the trial court with "guidance on the . . . question of whether to approve the sale . . . ."[7] *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 279, 630 A.2d 1010 (1993); see also *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 490, 538 A.2d 1027 (1988) (trial court sits as court of equity in foreclosure suit and, therefore, can refuse to confirm sale, in sound exercise of discretion, when highest bid is inadequate). If the procedure outlined in § 49-25 is to accomplish this end fairly and equitably, then a mortgagor must be afforded the opportunity to challenge the court-ordered appraisal prior to a final determination by the court regarding the sale of the property.

The plaintiff maintains that the defendants do not have a constitutionally protected due process right to a hearing to challenge the court-ordered appraisal prior to the trial court's approval of the sale. In support of this contention, the plaintiff relies on *New England Savings Bank* v. *Lopez*, supra, 227 Conn. 270, in which we concluded that although mortgagors generally have "a protected property interest in the proper measurement of any deficiency judgment that may be rendered against them" under General Statutes § 49-28; id., 276; they have no substantive due process right to have that interest "measured by the fair market value of the property foreclosed" rather than by the sale price approved by the court. Id., 276–77. We held, therefore, that *after* the sale of the property has been approved by the court, a mortgagor has no procedural due process right to a hearing at which to establish the fair market value of the property. Id., 276–82. In contrast to the

---

[7] As we noted in *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 279, 630 A.2d 1010 (1993), the procedure set forth in § 49-25 also "provides the basis for the reduction in the amount of a deficiency judgment permitted to the party who moved for the foreclosure by sale, required under [General Statutes] § 49-28."

circumstances presented in *New England Savings Bank*, the trial court in this case has not decided whether to approve a sale of the property because no bids have been tendered yet. Because the trial court will be guided by the fair market value of the property in determining whether to approve any eventual sale price; see id., 278–79; *Bryson* v. *Newtown Real Estate & Development Corp.*, supra, 153 Conn. 274; it is apparent that the defendants retain an interest in the fair determination of that value *before* the court acts on a motion by the mortgagee to approve the sale of the property. Accordingly, prior to the court's action on the plaintiff's motion to approve the sale, the defendants are entitled to the opportunity to present evidence challenging the appraiser's valuation of the property.

The defendants point to nothing in either the language or the legislative history of § 49-25 to support their assertion that the court lacks the authority to conduct an evidentiary hearing at which the mortgagor may challenge the property's valuation by the court-appointed appraiser.[8] Because fundamental fairness requires that such a hearing be allowed upon a proper

[8] The defendants claim that because § 49-25 does not expressly provide that a mortgagor has a right to challenge the appraisal of the court-appointed appraiser, we cannot read such a right into the statute. The defendants claim that their contention is supported by our decision in *Society for Savings* v. *Chestnut Estates, Inc.*, supra, 176 Conn. 577, wherein we held that General Statutes (Rev. to 1979) § 49-14, which set forth the procedures applicable to deficiency judgments, violated the due process rights of mortgagors because it did not contain such a provision. Under former § 49-14, the court was required to appoint three appraisers, whose appraisals were deemed to be " 'final and conclusive as to the value of [the] mortgaged property.' " Id., 564 n.1. In light of that statutory language, and in view of our earlier determination that "[there is] no power under [that] statute to summon witnesses or hear evidence"; *Equitable Life Assurance Society* v. *Slade*, 122 Conn. 451, 458, 190 A. 616 (1937); we concluded that "it is not possible to infer a hearing" under the statute. *Society for Savings* v. *Chestnut Estates, Inc.*, supra, 576 n.10. Because § 49-25 contains no limiting language similar to that contained in former § 49-14, our conclusion in *Society for Savings* is inapposite to this case.

request, we conclude that a foreclosure court necessarily has the inherent, equitable power under § 49-25 to grant such a request.[9] See *New England Savings Bank* v. *Lopez*, supra, 227 Conn. 282 ("[o]ur foreclosure statutes permit a mortgagor to be heard regarding the determination of whether there should be a foreclosure by sale and, if so, whether the sale should be confirmed"). We therefore conclude that because the defendants will be afforded an evidentiary hearing at which they may challenge the court-ordered appraisal prior to any action by the trial court on the plaintiff's motion to approve the sale of the property, the defendants' due process claim must fail.

The judgment is affirmed.

In this opinion the other justices concurred.

[9] We note that the parties agree that our foreclosure courts routinely grant mortgagors the opportunity to present evidence challenging the appraisal of the court-appointed appraiser prior to a decision by the court on the mortgagee's motion to approve the sale of the mortgaged property. Indeed, the defendants have not cited a single case in which a mortgagor was denied the opportunity to present such evidence upon a timely motion for permission to do so.