[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to Practice Book § 64-1, the defendant has requested a writing setting forth the court's decision to approve the foreclosure of sale previously ordered on March 1, 1993, and held on February 28, 1998 and the granting of the motion to terminate the stay. CT Page 7704
On May 11, 1998, an evidentiary hearing was held to afford defendant the opportunity to challenge the court ordered appraisal prior to determining whether the sale should be affirmed. Northeast Savings, F.A. v. Hintlian, 241 Conn. 269
(1997). At this hearing, the only evidence presented concerned the value of the property under foreclosure. Subsequently, briefs were filed and the matter was continued to May 26, 1998, for further argument. After argument and a consideration of the evidence and the law, it was determined that the sale to the highest bidder was fair. Bryson v. Newtown Real Estate andDevelopment Corporation, 153 Conn. 267, 273 (1965). A signed transcript of the decision is attached hereto and incorporated herein.
Defendant also argued that the sale should not be approved until a hearing could be held on the amount of the debt then due and owing in light of the numerous and substantial payments made since the debt was established in 1993.
Plaintiff acknowledged that payments against the debt had been made. There was no offer of proof or other information which might establish that the debt had been reduced to such an extent that the sale would not be equitable.
Defendant's principal concern was that in the event plaintiff seeks a deficiency judgment under General Statutes § 49-28
the amount of the debt established in 1993 would be conclusive as to the amount owed and that he would not receive credit for payment subsequent to that date.
Section 49-28 provides that "the deficiency shall be determined and, thereupon, judgment may be rendered in the cause for the deficiency against any party liable to pay the same . . ." There is no statutory language specifically requiring a hearing on the amount due, but the court is required to determine the deficiency and not simply rely on a determination of the debt nine years before. Defendant has a protected property interest in the proper measure of any deficiency judgment that may be rendered against him. New England Savings Bank v. Lopez,227 Conn. 270, 276 (1993). The rulings in New England SavingsBank v. Lopez case and in New Milford Savings Bank v. Roina,38 Conn. App. 240, 246 (1995) do not preclude an evidentiary hearing to determine the debt. The issues raised in these cases were quite different from the issue here. Both cases concerned valuations of the property under foreclosure and the CT Page 7705 constitutionality of § 49-28. The principal issue in Bank ofBoston Connecticut v. Moniz, 47 Conn. App. 234, 236-38 (1997) is also distinguished from the question presented here. In that case, the principal issued concerned establishment of the debt which constituted the default in payment under the mortgage. The issue here concerns credits for payments made subsequent to the establishment of the debt and the determination of any deficiency is prescribed by § 49-28.
Although § 49-28 does not require a hearing, mortgage foreclosure is an equitable proceeding and there is nothing to preclude an evidentiary hearing to determine the amount of the debt. The reasoning of Northeast Savings, F.A. v. Hintlian, supra,241 Conn. 269 (1997) is applicable.
The sale, having been found to be fair and equitable and the deed being in proper form, the foreclosure by sale was approved.
On May 27, 1998, the court terminated the automatic stay with respect to motions effectuating the sale pursuant to Practice Book § 61-11. After a consideration of the entire file of the case together with the evidence and legal issues concerning the sale, it is concluded that the extension of the stay of execution is sought only for delay and that the due administrative of justice requires that the stay be terminated.
Joseph J. Purtill Judge Trial Referee