[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Capital Crossing Bank, f/k/a Atlantic Bank and Trust Company (hereinafter Capital Crossing) hereby moves to strike the defendant, Carl Sherman's special defenses and counterclaims. Capital Crossing claims that Sherman's special defenses and counterclaims are legally insufficient in that they do not arise out of the same transaction brought by Capital Crossing or do not assert recognized causes of action under Connecticut law.
 Facts
Capital Crossing filed its complaint on May 9, 2000, alleging that the defendants, Carl Sherman and Faith Acquisitions Nominee Trust, were in default on a mortgage and note and that Capital Crossing should be CT Page 14304 allowed to foreclose on Sherman's property. The defendant, Sherman, filed his answer, five special defenses and a two count counterclaim on July 26, 2000. In his special defenses, Sherman alleges that Capital Crossing should not be allowed to foreclose on the subject property. Sherman further alleges in his counterclaim that Capital Crossing damaged him and that Capital Crossing acted in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110.
As required by Practice Book § 10-42, Capital Crossing filed a memorandum in support of its motion to strike. The defendant has not filed a memorandum in opposition.[1]
 Discussion
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). In determining the sufficiency of the pleading the trial court may not seek beyond the complaint for the facts not alleged. Liljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 348,576 A.2d 149 (1990). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book §10-50. A motion to strike is the proper way to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978). In ruling on a motion to strike a special defense, the trial court will "take the facts to be those alleged in the special defenses and [will] construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
In his first and second special defenses, Sherman asserts that he is not in default of the mortgage; that the loan to value ratio of Capital Crossing's claim is less than twenty-five percent; the call provision in the contract was intended only for adjusting the interest rate and not to be used to force Sherman to pay his entire obligation to Capital Crossing; and that Capital Crossing is not entitled to foreclose. Capital Crossing moves to strike Sherman's first and second special defenses because they are insufficient as a matter of law. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp., supra, 249 Conn. 17. Because Sherman's first and second special defense fail to provide a legally sufficient reason as to why Capital Crossing has no cause of CT Page 14305 action, the court grants Capital Crossing's motion to strike as to Sherman's first and second special defense on the ground that these special defenses are insufficient as a matter of law.
In his third special defense, Sherman asserts that Capital Crossing's actions are retaliatory against Sherman and that Capital Crossing should not be entitled to foreclose. At common law, the only special defenses to a foreclosure action were payment, discharge, release, satisfaction, or absence of a valid lien. Peterson v. Weinstock, 106 Conn. 436, 441,1138 A. 433 (1927). While a party may raise special defenses other than those available at common law; Northeast Savings, F.A. v. Hintlian,241 Conn. 269, 275, 696 A.2d 315 (1997) (foreclosure is an equitable proceeding where the court may use discretion to insure complete justice is done); after exhaustive research, this court finds that a retaliation special defense in the area of foreclosure is not recognized in Connecticut. The court grants Capital Crossing's motion to strike Sherman's third special defense on the ground that the defense is legally insufficient under Connecticut law.
In his fourth special defense, Sherman asserts that Capital Crossing is acting in bad faith and should not be entitled to foreclose. "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . Practice Book § 10-1. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. Sherman's fourth special defense does not allege facts to support the conclusion that Capital Crossing has acted in bad faith. Therefore, Capital Crossing's motion to strike Sherman's fourth special defense on the ground of Sherman's failure to plead necessary facts to support the asserted special defense is granted.
In his fifth special defense, Sherman asserts that Capital Crossing purchased the mortgage and note for a fraction of its face value and should not be entitled to full face value payment. This special defense is also insufficient as a matter of law. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. Dana Investment Corp., supra, 249 Conn. 17. In his fifth special defense, Sherman fails to assert that Capital Crossing fails to state a cause of action. Rather, Sherman asserts that Capital Crossing is not entitled to the full value of the mortgage and note. Therefore, because Sherman's fifth special defense is insufficient as a matter of law, the court grants Capital Crossing's motion to strike the fifth special defense. CT Page 14306
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." Practice Book § 10-10. "A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Leasing Corp. v. Romano'sAuto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985).
The first and second count of Sherman's counterclaim asserting that the plaintiff has damaged Sherman and that the plaintiff has violated CUTPA, is a legal conclusion. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan King,P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). Sherman's first and second count of the counterclaim, which relies upon Sherman's special defenses for factual support, asserts legal conclusions unsupported by the facts alleged. As to the second count, no details are given in the defendant's special defenses which are essential to allegations of a CUTPA claim. Accordingly, because Sherman fails to plead necessary facts in support of his asserted counterclaim, the court grants Capital Crossing's motion to strike the counterclaim.
For the foregoing reasons, Capital Crossing's motion to strike Sherman's special defenses and counterclaim is granted in its entirety.
D. Michael Hurley Judge Trial Referee