[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: TAX APPEAL
This is a real estate tax appeal taken from the action of the Waterbury board of tax review, pursuant to General Statutes § 12-117a.[1] The plaintiff, Robert Zappone, alleges in his three count amended complaint that the defendant, the city of Waterbury, in failing to conduct a revaluation pursuant to General Statutes § 12-62,[2] grossly overvalued his condominium properly, deprived him of his due process rights guaranteed by the fourteenth amendment, and violated his right to equal protection of the law. The plaintiff requests that the valuation of his condominium for October 1, 1993 be reduced to 70 percent of its true and actual value, and that he be reimbursed for any overpayment of taxes, together with interest and costs. On March 20, 2000, the court,Holzberg, J., granted the plaintiff's motion to consolidate this appeal with Schlesinger v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 126984. On May 22, 2000, the defendant filed an answer and special defenses, alleging that the delay in revaluation was approved pursuant to passage of Public Acts 1997, No. 97-254 and a memorandum of understanding executed by the office of policy and management. The defendant also argues that if the delay in revaluation caused the plaintiff damages, the proper remedy for such a claim is by a writ of mandamus, and not this appeal.[3] The testimony of witnesses was not presented at the appeal hearing, on October 31, 2000. Rather, all parties stipulated to the admission of the following exhibits into the record: (1) assessor's property cards for the condominiums at issue; (2) the trial transcript of Torres v. Waterbury, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567904 (November 5, 1997, Aronson, J.); (3) trial exhibits from Torres v. Waterbury, supra, Superior Court, Docket No, 567904; (4) record of Torres v.Waterbury, 249 Conn. 110. 733 A.2d 817 (1999); and (5) official opinion CT Page 2263 of Torres v. Waterbury, 249 Conn. 110. 733 A.2d 817 (1999).
 DISCUSSION
A tax appeal is not an administrative appeal where our courts review the actions of the assessor. Kimberly-Clark corporation v. Dubno,204 Conn. 137, 144-45, 527 A.2d 679 (1987). The function of the trial court in any municipal tax appeal is to first determine whether the subject property was overvalued, and if it was overvalued, what was the fair market value of the property on the date of the last revaluation.Konover v. West Hartford, 242 Conn. 727, 734-36, 699 A.2d 158 (1997), "[T]he trial court has the right to accept so much of the testimony of the experts and the recognized appraisal methods which they employed as [it] finds applicable." Zasowski v. Fantarella, 51. Conn. App. 186, 193,720 A.2d 1123, cert. denied 247 Conn. 961, 723 A.2d 815 (1998); see alsoMetropolitan District v. Burlington, 241 Conn. 382, 396, 696 A.2d 969
(1997). One of the governing tenets in tax appeals is that the appeal is tried de novo and the ultimate question is what is the true and actual value of the subject property. Torres v. Waterbury, supra, 249 Conn. 117, This value is arrived at by "weighing the opinion of the appraisers, the claims of the parties in light of all circumstances in evidence bearing on value, and [our] own general knowledge of the elements going to establish value," (Internal quotation marks omitted.) Id., 118.
The city of Waterbury conducted its last general revaluation on October 1, 1980. Pursuant to § 12-53a(c),[4] property constructed since the last revaluation should be assessed by relating back to the previous revaluation, and assessing it as though it existed at that time. Torresv. Waterbury, supra, 249 Conn. 121. In 1980, the Woodhaven Condominium complex was the only condominium complex in the city of Waterbury on the October 1, 1980 grand list with a record of sales activity.[5]
Therefore, the defendant assessed any condominiums built subsequent to 1980 by comparing them to the 1980 value of the Woodhaven Condominiums. This process is referred to as the comparable sales approach. For example, in order to assess the value of the Lakewood Condominiums in 1987, the Waterbury assessor used the sales of the Woodhaven Condominiums from 1980. The result was a valuation of Lakewood units at $25.20 per square foot at 100 percent valuation and $17.64 at 70 percent valuation.
On October 1, 1994, the plaintiff was the owner of unit 3-J in the Lakewood Condominiums complex. located on 140 Hamden Avenue, in the city of Waterbury. "the defendant first assessed the property in 1987, and by using the comparable sales approach assessed the true value of the plaintiff's property at $37,800. Thereafter, the defendant, pursuant to § 12-62a(b), assessed the unit at a uniform rate of 70 percent of its CT Page 2264 present value.[6]
In 1995, when the plaintiff first filed this appeal) General Statutes (Rev. to 1995) § 12-62 required all municipalities to conduct a revaluation every ten years, but the defendant had not conducted a revaluation since 1980.[7] In 1995, a stipulated judgment was entered in the case of Ghent v. Board of Tax Review, Superior Court, judicial district of Waterbury, Docket No. 109836 (September 8, 1995, Pellegrino,J.), whereby the defendant agreed to lower the October 1, 1980 assessed values of certain Woodhaven Condominiums to values of $12,000 and $11,000. In 1997, the legislature amended § 12-62(b) through Public Acts 1997, No. 97-254, requiring that municipalities conduct a revaluation every four years.[8] Specific to the city of Waterbury, § 12-62(b)(1) then mandated that the city of Waterbury conduct its revaluation by 1998. After 1998, the defendant applied for a waiver of § 12-62(b), whereupon the office of policy and management granted the waiver and approved a memorandum of understanding allowing the defendant to delay revaluation until after 1998. (Plaintiff's exhibit 7, dated October 10, 2000, office of policy and management — memorandum of agreement.)
The plaintiff first argues that the assessed value placed on his Lakewood Condominium in 1994 violated § 12-62a(b) because it did not represent "its true and actual value on that assessment date but was grossly excessive, disproportionate and unlawful," Section 12-62a(b) provides that "[e]ach such municipality shall assess all property for purposes of the local property tax at a uniform rate of 70% of its present true and actual value."
Prior to this case, the Supreme Court, in Torres v. Waterbury,249 Conn. 110, 733 A.2d 817 (1999), also addressed the issue of whether the Lakewood Condominiums were overvalued by the assessor. In that case, the court ruled that the trial court, Aronson, J., did not err in accepting the city of Waterbury's assessment methodology, where the trial court "noted that the comparable sales approach, used by the defendant assessor to determine the value of the Lakewood units, is the method generally used by appraisers in valuing condominiums." Id, 123-. 24. The Supreme Court held that "[i]f the trial court finds that the taxpayer has failed to meet his burden [of proving that his tax assessment was excessive] because, for example, the court finds unpersuasive the method of valuation espoused by the taxpayer's appraiser, the trial court may render judgment for the town on that basis alone," (Internal quotation marks omitted.) Id., 126, In addition, the court held that the trial court did not err in disregarding the stipulated judgment in Ghent v.Board of Tax Review, in determining the value of the Lakewood units, CT Page 2265 Id., 131.
In the present case, the parties submitted, inter alia, the exhibits and transcript from the Torres trial as the basis for their record, and the plaintiff has not submitted new evidence indicating an incorrect valuation. The court in the Torres case concluded that there was no evidence in the record indicating that the Waterbury city assessor "failed to follow the statutory requirements in valuing the plaintiff's property," Torres v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 567904 (May 8, 1998, Aronson, J.), aff'd,249 Conn. 110, 733 A.2d 817 (1999) (finding that the Waterbury city assessor correctly valued the Lakewood condominiums). "In valuing condominiums, appraisers generally use the sales comparison approach to value, relying on recent sales of comparable size units, location and quality." Id. Since there is no evidence in the record indicating that Waterbury's city assessor improperly used the comparable sales approach to determine the value of the Lakewood Condominiums in 1987, this court finds for the defendant with respect to count one.
The plaintiff further appeals on the basis that the defendant has deprived him of his due process rights guaranteed by thefourteenth
amendment of the United States constitution by failing to conduct a revaluation of all Waterbury properties pursuant to § 12-62. Specifically, the plaintiff argues that his right to due process "is meaningless if [each] plaintiff is required, as a matter of law. to provide evidence of value as of the date of the last revaluation when the defendant has failed to comply with the requirements regarding revaluation." (Amended complaint, May 18, 2000, second count, ¶ 6(a).)
The defendant argues that the plaintiff has failed to allege that the city's inaction has deprived him of a liberty interest. In addition, the defendant maintains that the delay in revaluation has been approved by the state through a legislative amendment, P.A. 97-254, and a memorandum of understanding from the office of policy and management.
"[D]ue process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded. . . . The [due process clause] in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided." (Internal quotation marks omitted.) Northeast Savings, F.A. v. Hintlian,241 Conn. 269, 273-74, 696 A.2d 315 (1997). CT Page 2266
As noted by this court, Aronson, J., in Torres v. Waterbury, supra, Superior Court, Docket No. 567904. it is unfortunate for the taxpayers of Waterbury that the defendant has failed to conduct a new revaluation in over twenty years. The court finds, however, that the defendant's failure to revalue and thus force the plaintiff to relate back to the 1980 revaluation in assessing his property, does not violate the plaintiff's right to due process. The plaintiff has been given a meaningful opportunity to litigate the issue of his property value through the Waterbury board of tax review and this court. "[T]here is no violation of due process when a party in interest is given the opportunity of a meaningful time for a court hearing to litigate the question. . . ." (Internal quotation marks omitted.) Northeast Savings, F.A. v. Hintlian, supra, 241 Conn. 274.
Furthermore, the state legislature and executive branch have excused the defendant for its delay in revaluation. In 1997, the state legislature enacted P.A. 97-254, allowing the city of Waterbury to conduct its revaluation by 1998. Subsequent to the 1998 deadline, the office of policy and management granted the defendant a waiver for failing to revalue, and signed a memorandum of understanding pursuant to § 12-62(d),[9] agreeing to a revaluation plan. "Legislation is presumed to be constitutional, and a litigant challenging its validity has the heavy burden to establish its unconstitutionality beyond a reasonable doubt." Stafford Higgins Industries, Inc. v. Norwalk, 245 Conn. 551,566, 715 A.2d 46 (1998); Northeast Savings. F.A. v. Hintlian, supra,241 Conn. 274. Therefore, while the plaintiff argues that his opportunity to be heard was not meaningful because he is being forced to relate back to 1980 for valuation, state law has allowed the city to delay its revaluation, and the plaintiff has not established that these statutory enactments are unconstitutional.
Third, the plaintiff alleges that the defendant violated his right to equal protection of the law because the defendant reduced the value of other condominiums in the city of Waterbury, but failed to apply the same reductions to his property. Furthermore, the plaintiff argues that because the city can only value property based upon the last date of valuation, the defendant should use the stipulated judgment in 1995;Ghent v. Board of Tax Review, Superior Court, judicial district of Waterbury, Docket No. 109836 (September 8, 1995); as the latest valuation date. The defendant argues that the Ghent stipulated judgment was not a determination of the fair market value pursuant to § 12-62, but was the result of an effort to resolve litigation.
Where "a claimed equal protection violation arises from the alleged CT Page 2267 selective application of a facially neutral state regulation, it must be shown that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." (Internal quotation marks omitted.) Hunt v. Prior,236 Conn. 421, 443, 673 A.2d 514 (1996). The court finds for the defendant on this issue because there is no evidence in the record indicating that the defendant sought to purposely discriminate against the plaintiff as apart of a particular class or group, or with a bad faith intent to injure, when it refused to apply the values of the Ghent
stipulation to the plaintiff's condominiums.[10]
 CONCLUSION
Because the plaintiff has not sustained his burden of establishing that his condominium properties were over assessed for the October 1, 1993 grand list, in violation of § 12-62, Torres v. Waterbury, supra,249 Conn. 126, the court renders judgment for the defendant. Because the plaintiff has not established that the city of Waterbury has deprived him of an opportunity for a hearing, Northeast Savings, F.A. v. Hintlian, supra, 241 Conn. 274, and has not established that the defendant intentionally discriminated against him as a separate class or group,Hunt v. Prior, supra, 236 Conn. 443, the court finds for the defendant with respect to the plaintiff's due process and equal protection claims.
For the foregoing reasons, the plaintiff's appeal is dismissed.
SO ORDERED.
By the Court,
Peter Emmett Wiese, Judge