******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

BANK OF AMERICA, N.A. *v.*
SAMUEL KLEIN ET AL.
(AC 47407)

Moll, Cradle and Seeley, Js.*

*Syllabus*

The defendant appealed from the trial court's approval of the committee sale and the committee deed in a residential foreclosure action on certain real property owned by the defendant. The defendant claimed, inter alia, that the court erred in granting the committee's motion for approval without providing him with an evidentiary hearing. *Held*:

The defendant's claim that the trial court erred in approving the committee sale because the motion for approval did not attach the committee report reflecting the bidding history or the successful bid was inadequately briefed, and, therefore, this court deemed that claim abandoned.

The trial court did not abuse its discretion by approving the committee sale without providing the defendant with an evidentiary hearing, as the record reflected that the defendant did not actually request an evidentiary hearing prior to the court's approval of the committee sale and there had been a prior evidentiary hearing on the motion for judgment of foreclosure that addressed the issue of valuation.

Submitted on briefs February 11—officially released April 15, 2025

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendants FJPetey, LLC, et al. were defaulted for failure to appear and the defendants Choice Hotels International, Inc., et al. were defaulted for failure to disclose defense; thereafter, the court, *Spader, J.*, granted the plaintiff's motion for summary judgment as to liability only; subsequently, the court, *Hon. Robert L. Genuario*, judge trial referee, rendered a judgment of foreclosure by sale; thereafter, the court, *Hon. Kevin Tierney*, judge trial referee,

---

* The listing of judges reflects their seniority status on this court as of the date the appeal was submitted on the briefs.

granted the plaintiff's motion for approval of the committee sale, and the named defendant appealed to this court. *Affirmed*.

*Jeffrey Hellman* filed a brief for the appellant (named defendant).

*Donald Frechette* filed a brief for the appellee (plaintiff).

*Opinion*

MOLL, J. In this residential foreclosure action, the defendant Samuel Klein appeals from the trial court's approval of the committee sale and the committee deed in favor of the plaintiff, Bank of America, N.A.[1] On appeal, the defendant claims that the trial court erred in granting the committee's motion for approval of the committee sale because (1) the motion itself did not attach the committee report and/or (2) the court granted the motion without providing the defendant with an evidentiary hearing. The judgment is affirmed.

The following procedural history is relevant to our resolution of this appeal. In July, 2019, the plaintiff commenced this action against, inter alia, the defendant, seeking to foreclose a mortgage on property located at 131 Pecksland Road in Greenwich (property). On June 29, 2022, the trial court, *Spader, J.*, granted the plaintiff's motion for summary judgment as to liability only. On November 22, 2022, the plaintiff filed a motion for judgment of strict foreclosure and a finding

---

[1] FJPetey, LLC, Choice Hotels International, Inc., Meyers, Harrison & Pia, LLC, Hawthorne Brothers Tree Service, Inc., Ed Mitchells, Inc., doing business as Richards of Greenwich, Bank of America, N.A., the United States Department of Internal Revenue Services, and Zisholtz & Zisholtz, LLP, also were named as defendants in the complaint. Those parties were defaulted in the trial court and are not participating in this appeal (other than Bank of America, N.A., in its role as plaintiff). Accordingly, we refer to Klein as the defendant.

of entitlement to possession, along with an accompanying affidavit of debt and an appraisal assessing the fair market value of the property at $5 million as of August 30, 2022. On December 15, 2022, the plaintiff filed an appraisal assessing the fair market value of the property at $4,975,000 as of November 28, 2022. On May 15, 2023, the defendant filed a letter addressed to the court, which indicated, among other things, that the court previously had suggested that he obtain his own appraisal but that he was thus far unable to do so. On August 28, 2023, the defendant filed an objection to the plaintiff's motion for judgment of strict foreclosure.

On September 20, 2023, following an evidentiary hearing, the court, *Hon. Robert L. Genuario*, judge trial referee, "granted" the plaintiff's motion for judgment of strict foreclosure but, presumably because the property is encumbered by a federal tax lien, rendered a judgment of foreclosure by sale; see 28 U.S.C. § 2410 (c) (2018); finding the fair market value of the property to be $8 million and the amount of the debt to be $6,888,661.03, and setting a sale date of January 20, 2024. On January 10, 2024, the committee filed an appraisal assessing the fair market value of the property at $6,100,000 as of January 4, 2024.

After the January 20, 2024 committee sale, on January 22, 2024, the committee filed its motion for approval of the committee sale and committee deed and for acceptance of the committee report (motion for approval). On February 1, 2024, the committee filed (1) the committee report, which indicated, inter alia, that the plaintiff submitted the winning bid of $4,515,965, and (2) an affidavit of the committee's fees and expenses. On February 2, 2024, the defendant objected to the motion for approval, arguing that the motion was deficient because it failed to attach the committee report and proposed deed. The defendant's objection nonetheless contained a response to the committee

report, in which the defendant argued that the winning bid was significantly lower than the $8 million fair market value set by the court in the judgment of foreclosure by sale and that the approval of the sale would subject him to a deficiency judgment of more than $2.5 million. On February 14, 2024, the plaintiff filed its reply, arguing, inter alia, that it "believes its bid of $4,515,965 is a fair and reasonable bid, and represents the value of a distressed property, in disrepair, with significant tax liens and occupied by a hostile borrower."[2] The plaintiff attached to its reply an appraisal assessing the fair market value of the property at $4,700,000 as of June 28, 2023.

On February 26, 2024, the court, *Hon. Kevin Tierney*, judge trial referee, granted the committee's motion for approval and overruled the defendant's objection, ruling in part: "The committee received substantial interest before the bidding that is reflected in [its] report. No other bidder signed up so only one bidder, [the plaintiff], was an approved bidder. The plaintiff's bid was $4,515,965. The court could not find an appraisal in the file justifying the court finding of $8 million as the property value as of the date of judgment on [September 20, 2023][3] . . . . The court reviewed the following real estate appraisals in the court file: $5 million dated [August 30, 2022] . . . $4,975,000 dated [November 28, 2022] . . . $6,100,000 dated [January 4, 2024] . . . and $4,700,000 dated [June 28, 2023] . . . . Based on its review of these real estate appraisals in the court file, the court approves the bid of $4,515,965." (Citations omitted; footnote added.) Accordingly, the court approved the committee sale, approved the committee

---

[2] The plaintiff's reply suggests that the $8 million fair market value set by the court in the judgment of foreclosure by sale was based on or affected by the defendant's testimony at the September 20, 2023 hearing, as opposed to any appraisal. We note that neither party filed any hearing transcripts in this appeal.

[3] See footnote 2 of this opinion.

deed subject to review by the trial court clerk's office, accepted the committee report, and directed the committee to file for court review an affidavit of its fees and expenses, including real estate appraisal costs. This appeal followed.[4]

We begin by setting forth the applicable standard of review. "A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. . . . The trial court in a foreclosure matter acts as a court of equity and has full authority to refuse to confirm a sale on equitable grounds where an unfairness has taken place or where the price bid was inadequate. . . . The court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owners."

---

[4] After the appeal was filed, on March 4, 2024, the trial court, sua sponte, opened the February 26, 2024 judgment and issued an order modifying the judgment by awarding the following fees and expenses to the committee: $5600 for its fees, $176 for liability insurance, $340.32 for a sign, $295 for a title search, and $350 for a real estate appraisal. On March 5, 2024, the defendant attempted to amend his appeal to include the court's March 4, 2024 order modifying the judgment by filing a corrected appeal form rather than an amended appeal form. The Office of the Appellate Clerk returned the corrected appeal form as improper under Practice Book § 61-9.

We recognize that "there is a substantive distinction between opening a judgment to modify or to alter incidental terms of the judgment, leaving the essence of the original judgment intact, and opening a judgment to set it aside. Under the latter circumstances, the original judgment necessarily has been rendered void and any appeal therefrom would be rendered moot." *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 690, 899 A.2d 586 (2006). We consider the court's March 4, 2024 modification to reflect the former circumstances.

(Citation omitted; internal quotation marks omitted.) *Ridgefield Bank* v. *Stones Trail, LLC*, 95 Conn. App. 279, 282–83, 898 A.2d 816, cert. denied, 279 Conn. 910, 902 A.2d 1069 (2006).

I

The defendant first cursorily claims, without citing any relevant legal authority, that the court erred in approving the committee sale because the motion for approval did not attach the committee report reflecting the bidding history or the successful bid. We conclude that the defendant's claim is inadequately briefed, and, therefore, we deem this claim abandoned. See *Robb* v. *Connecticut Board of Veterinary Medicine*, 204 Conn. App. 595, 611, 254 A.3d 915 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.)), cert. denied, 338 Conn. 911, 259 A.3d 654 (2021).[5]

II

The defendant further claims that the court abused its discretion by approving the committee sale without

[5] Even if we were to reach the merits of the defendant's claim, we would nonetheless reject it. In the absence of any claim that the defendant was prejudiced by the late filing of the committee report, and in light of the fact that it was filed prior to the defendant's opposition, we deem the committee's February 1, 2024 filing of its report to have cured the failure either to attach or to file simultaneously the committee report.

providing the defendant with an evidentiary hearing. This claim fails because the record reflects that the defendant did not actually request an evidentiary hearing.[6]

We begin by noting that "[d]ue process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded. . . . The [due process clause] in no way undertakes to control the power of a [s]tate to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided. . . . Moreover, there is no violation of due process when a party in interest is given the opportunity of a meaningful time for a court hearing to litigate the question . . . ." (Citation omitted; internal quotation marks omitted.) *Northeast Savings, F.A.* v. *Hintlian*, 241 Conn. 269, 273–74, 696 A.2d 315 (1997).

As an initial matter, the defendant correctly cites *Northeast Savings, F.A.* v. *Hintlian*, supra, 241 Conn. 269, for the proposition that, "prior to the court's action on [a] motion to approve the sale, the defendants are entitled to the opportunity to present evidence challenging the appraiser's valuation of the property." Id., 277. He ignores, however, the related principle that "fundamental fairness requires that such a hearing be allowed *upon a proper request* . . . ." (Emphasis added.) Id.,

---

[6] To the extent that the defendant also claims that the court abused its discretion by approving the committee sale at a sale price "far below" the appraised value of $6,100,000 as of January 4, 2024, reached by the court-appointed appraiser, this claim fails. See, e.g., *National City Real Estate Services, LLC* v. *Tuttle*, 155 Conn. App. 290, 295–98, 109 A.3d 932 (2015) (trial court did not abuse its discretion by approving foreclosure sale notwithstanding that price obtained at foreclosure sale was substantially less than property's fair market value determined by court at time of foreclosure judgment).

277–78; see also id., 278 ("a foreclosure court necessarily has the inherent, equitable power under [General Statutes] § 49-25[7] to grant such a request" (footnote added)).

In the present action, the defendant did not properly request an evidentiary hearing prior to the court's approval of the committee sale. That is, in his objection to the committee's motion for approval, the defendant made no request for an evidentiary hearing, nor did he file a motion for a second appraisal pursuant to § 49-25. We further highlight that there was an evidentiary hearing on the motion for judgment of foreclosure that addressed the issue of valuation. During that hearing, the defendant evidently testified as to his opinion of the property's fair market value and had the opportunity to present an appraisal of his own. See footnote 2 of this opinion. On the basis of the foregoing, we conclude that the court did not abuse its discretion by approving the committee sale and overruling the defendant's objection without holding an evidentiary hearing. See *Ridgefield Bank* v. *Stones Trail, LLC*, supra, 95 Conn. App. 285–87 (holding that, in absence of request for evidentiary hearing, trial court did not abuse its discre-

[7] General Statutes § 49-25 provides: "When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised; but, in all cases in which such sale is ordered, the court shall appoint one disinterested appraiser who shall, under oath, appraise the property to be sold and make return of the appraisal to the clerk of the court. Upon motion of the owner of the equity of redemption, the court shall appoint a second appraiser in its decree. If the plaintiff is the purchaser at sale, or if the property is redeemed at any time prior to the approval of the sale, or if for any reason the sale does not take place, the expense of the sale and appraisal or appraisals shall be paid by the plaintiff and be taxed with the costs of the case. If, after judgment has been rendered, the amount found to be due and for which foreclosure is decreed, together with the interest and the costs, is paid to the plaintiff before the sale, all further proceedings in the suit shall be stayed."

tion by overruling defendant's objection to confirmation of sale without evidentiary hearing).

The judgment is affirmed.

In this opinion the other judges concurred.